GIGNOUX *v.* BILBRUCK.

By an assignment in insolvency the debtor's intoxicating liquor passes like other property not exempt from attachment; and the assignee can lawfully sell it, and recover the price.

ASSUMPSIT, to recover the price of intoxicating liquors sold at private sale and at different times by the plaintiff, acting as assignee in insolvency of one Downs, to the defendant. Facts agreed by the parties. The liquors were of a class the sale of which is prohibited by law in this state.

*Frink & Batchelder,* for the plaintiff. An assignee for the benefit of creditors has a right under our laws to sell all the assigned property in this state. Spirituous liquors are property (*Andover* v. *Kendrick,* 42 N. H. 324, and *Corning* v. *Abbott,* 54 N. H. 470), and are not within the exception. *State* v. *Johnson,* 33 N. H. 465. Having received the liquors, what shall the assignee do with them? He cannot destroy them, for the proceeds of all the assignor's property are to be divided among his creditors. G. L., *c.* 140, *ss.* 2, 4, 21, 22. He cannot sell them to the town or state agent under Gen. Laws, *c.* 109; and he cannot make a specific dividend of so many quarts or gallons of liquor to each creditor, for it is a balance of money which is to be distributed. He must convert the assigned property into money, and distribute the proceeds ratably among the creditors of the assignor. *Ib.,* *s.* 22. A sale being necessary for this purpose a right to sell is implied.

The sale of assigned liquors by an assignee is not a business, but is incidental to the conversion of the property into money. It is temporary and occasional, and not likely to. promote intemperance, the suppression of which vice was the declared purpose of our prohibitory law.

The legality of sales of liquor by a sheriff upon attachment in this state rests upon too firm ground to be disturbed. *State* v. *Johnson, supra.* The contrary decision in Massachusetts, and the exception in their statute of sales by process of law, are due to the peculiar history of their statute. See the singular case of *Adams* v. *Vose,* 1 Gray 51; and the repeal in 1855 of the very hasty statute of 1854, which was passed before the Massachusetts court was compelled to construe the original law.

No reason occurs to us why sales by an assignee do not stand upon the same basis as sales by a sheriff. Neither is strictly a judicial sale. No judgment of any court is invoked in aid of the sale in either case. Each is legal and compulsory. " It is the law which seizes and disposes of the estate in cases of bankruptcy." *Blake* v. *Williams,* 6 Pick. 290. It is the law which sells in each

case through its agents, the sheriff and the assignee. *Mechanics', &c., Bank Appeal,* 31 Conn. 63; *Upton* v. *Hubbard,* 28 Conn 274.

The creditors of the insolvent might have attached the liquors and sold them at auction, or in any other way, by agreement of parties. Why should they be deprived of this right by an assignment, the purpose of which is to realize on all the attachable property for the creditors speedily and economically? *Welsh* v. *Davis,* 3 S. C. 110—*S. C.,* 16 Am. Rep. 693. The assignee represents the creditors. He stands in the position of a judgment creditor. *Lloyd* v. *Hoo Sue,* 5 Saw. 74. It has been the tendency of our laws to dispose of the property of insolvents in the same manner as the property of a person deceased. *Frink* v. *Buss,* 45 N. H. 327. It certainly has never been supposed by any one that a license to sell all the personal estate of the deceased did not include the liquors inventoried, or that the administrator was not chargeable with their value and could not lawfully sell them under a license. That the legality of such sales has never been questioned is strong proof that they are lawful.

*Calvin Page,* for the defendant. The language of the statute is plain and concise, and admits of only one construction. If assignees for the benefit of creditors were to be exempt from its provisions, the legislature could easily have so provided, as it has done in Massachusetts. But the statute was enacted " for the suppression of intemperance," and there seems to be no reason why a person acting as assignee of a debtor should be protected in the business of retailing spirituous liquors, when the debtor himself cannot make a single sale of such liquors. If an assignee can engage in the retail liquor business for one week in disposing of a stock of liquors, he can, if he deems it for the best interest of the creditors, continue in such business months or years, until the whole stock is sold at retail— the length of time depending upon the amount of the stock. He is acting as trustee for the debtor and the creditors, for the purpose of applying such of the debtor's estate as is worth anything to the payment of the claims of the creditors. That neither the debtor nor a creditor could sell spirituous liquors for this purpose is admitted. Where does their trustee derive his claim to be exempted from the law of the land, and to have the right to maintain a liquor nuisance to promote intemperance?

It is possible for him to sell the liquors embraced in his assignment in another state, where a sale would be lawful. The force of the plaintiff's argument, that even if the sale was legal in another state the assignee could not there enforce his rights, is not apparent, if by it the plaintiff means that the price of such liquor could not be recovered. But even if there was no mode of turning liquors into money without violating the law, the result is no worse to the creditors than it is in case of other goods which are embraced in an assignment, and are worthless either from their nature, situation, or

condition. In either case they are worth as much after they pass to the assignee as they were while in the possession of the debtor, and no more. Whatever rights a sheriff may have to sell liquors upon an execution, he certainly has no right to retail them, either at private or public sale, on mesne process by consent of parties. It is doubtful if he can sell them on mesne process in any mode. *State* v. *Johnson*, 33 N. H. 465.

A sale upon execution is a compulsory sale made under a judicial decree or order, and the sheriff might well be protected in selling liquors upon an execution, following the course which the law points out and the order of the court enforces upon him. But sales by an assignee are made on his own responsibility for pay in the manner and in the place he chooses; and, before the court shall hold it to have been the intention of the legislature to exempt him from the operation of the plain provisions of a positive law, there should be something more to sustain this view than the implication resulting from the fact that it would be advantageous to the creditors of an insolvent debtor for the court to allow the debtor's assignee to violate this law. See *Ingalls* v. *Baker*, 13 Allen 449; *Kiff* v. *Railway Co.*, 117 Mass. 591; *Nichols* v. *Valentine*, 36 Me. 322.

DOE, C. J. Intoxicating liquor is not in the list of articles exempt from attachment and execution (G. L., *c.* 224, *s.* 2), and is not exempted by implication. *State* v. *Johnson*, 33 N. H. 441, 465. " Every assignment made by any debtor for the benefit of creditors shall provide for a proportional distribution of all his real and personal estate, except what is exempt from attachment, among all his creditors, and, however made or expressed, shall be construed to pass all such estate." The assignment is not valid until the assignor makes oath that he has assigned " all his property of every description, except what is by law exempted from attachment." Upon the settlement of the assignee's account, the probate court orders the balance of money in his hands above expenses to be distributed among the creditors " in like manner as is provided in the settlement of the estates of deceased insolvents." G. L., *c.* 140, *ss.* 1, 2, 22. So far as the settlement of the estate is involved in this case, it is not affected by the circumstance that the debtor is alive. The title of the liquor passed to the assignee " for the benefit of creditors," as it would have passed to the debtor's administrator; and the property which the statute requires to be distributed among creditors in pursuance of a probate decree, is money obtained by the assignee's necessary sale of the estate conveyed to him by the assignment. The plaintiff is entitled to judgment.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.